(No. 98571.—

DWIGHT D. TURCOL, Appellant, v. THE PENSION BOARD OF TRUSTEES OF THE MATTESON POLICE PENSION FUND, Appellee.

*Opinion filed April 7, 2005.*

Stanley H. Jakala and Daniel P. Jakala, of Berwyn, for appellant.

Richard J. Puchalski, of Chicago, for appellee.

Roger Huebner, of Springfield, for *amicus curiae* Illinois Municipal League.

Richard J. Reimer, of Hinsdale, for *amicus curiae* Illinois Public Pension Fund Association.

Thomas W. Duba, of Arlington Heights, for *amicus curiae* Associated Fire Fighters of Illinois.

Joseph Crimmins, of Palatine, for *amicus curiae* Hoffman Estates Police and Fire Pension Funds.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiff, Dwight D. Turcol, injured his shoulder while on duty as an officer with the Matteson police department. On January 11, 2000, he filed an application with the defendant, the Board of Trustees of the Matteson Police Pension Fund (the Board), for a line-of-duty disability retirement pension. See 40 ILCS 5/3—114.1 (West 2000). On March 8, 2002, the Board issued a written decision denying plaintiff's application. The Board stated three reasons for its decision: (1) plaintiff failed to prove he was disabled; (2) under section 3—115 of the Illinois Pension Code (the Code) (40 ILCS 5/3—115 (West 2000)) no pension could be awarded because one of the three physicians selected by the Board to examine plaintiff concluded he was fit for police duty; and (3) plaintiff failed to take reasonable steps to remedy his condition.

Plaintiff sought administrative review. He argued, *inter alia*, that section 3—115 of the Code violates his constitutional right to due process if it requires all three board-selected physicians to certify his disability before he may be awarded a pension. The circuit court of Cook County confirmed the Board in a written order entered April 7, 2003. The circuit court held the Board's finding that plaintiff failed to prove disability was not against the manifest weight of the evidence. Having confirmed on that ground, the circuit court expressly declined to reach plaintiff's constitutional argument.

The appellate court also confirmed the Board's decision, but on a different ground. The appellate court held the Board correctly construed section 3—115 to preclude awarding a pension in this case, because one of the three physicians selected by the Board declined to certify plaintiff was disabled. The court then addressed plaintiff's constitutional argument and rejected it. Having confirmed on a sufficient ground, the court did not review

the Board's finding that plaintiff failed to prove his disability. No. 1—03—1188 (unpublished order under Supreme Court Rule 23). Plaintiff then filed a petition for leave to appeal, which we allowed. See 177 Ill. 2d R. 315.

We granted leave to appeal in this case in order to resolve a conflict between published decisions of the appellate court regarding the construction of section 3—115. Compare *Coyne v. Milan Police Pension Board*, 347 Ill. App. 3d 713, 727-30 (2004), with *Rizzo v. Board of Trustees of the Village of Evergreen Park Police Pension Fund*, 338 Ill. App. 3d 490, 495 (2003). However, were we to agree with the Board's construction of section 3—115, we would then have to consider plaintiff's claim that section 3—115 is unconstitutional. It is fundamental that courts should consider the constitutionality of a statute only when necessary to decide the case. *Vuagniaux v. Department of Professional Regulation*, 208 Ill. 2d 173, 184 (2003), quoting *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 396 (1994). As already noted, the Board also based its decision on the alternative ground that plaintiff failed to prove his disability. The circuit court confirmed on that ground and therefore properly declined to reach the constitutional question. However, because of the way the appellate court resolved this case, the parties have not adequately presented to this court the question whether the decision of the Board should be confirmed on that ground. We therefore conclude that leave to appeal in this case was improvidently granted and that the appeal should be dismissed.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed. The cause is remanded to the appellate court. In the exercise of our supervisory authority, we direct the appellate court to issue a supplemental opinion or order considering whether the Board's decision may be con-

firmed on the ground that plaintiff failed to prove his disability. If the court confirms the Board on that ground, the court shall withdraw its previous opinion in this case.

*Appeal dismissed;*
*supervisory order entered;*
*cause remanded.*

JUSTICE KILBRIDE took no part in the consideration or decision of this case.