**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 170648-U

Order filed February 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0648 Circuit No. 17-CM-93 |
| | ) | |
| KAYLEE GRIGLIONE, | ) ) | Honorable Cornelius J. Hollerich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices McDade and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Defendant's motion to withdraw her guilty plea established that she received ineffective assistance of counsel.

¶ 2     Defendant, Kaylee Griglione, appeals from the order of the circuit court of Bureau County that denied her amended motion to withdraw her guilty plea. Defendant argues the court erred in denying her motion because she received ineffective assistance of counsel who did not advise her of a plausible trial defense. We reverse and remand.

I. BACKGROUND

¶ 4    In April 2017, the State charged defendant with one count of domestic battery (720 ILCS 5/12-3.2(a) (West 2016)). The charge alleged that defendant "knowingly without legal justification caused bodily harm to Gage A. Watson, a boyfriend of the defendant, in that said defendant struck and scratched Gage A. Watson in the chest with her open hand."

¶ 5    At the probable cause hearing, the State reported that Watson filed a criminal complaint against defendant on April 18, 2017. Earlier in the day, Watson and defendant, whom he identified as his girlfriend, had gotten into an argument over a text message that she had seen on his cell phone. During the argument, defendant threw a cell phone at Watson, and she hit and scratched Watson on his chest. The officer who took Watson's complaint photographed the scratch marks. One hour after Watson reported the incident, defendant went to the police station and explained to an officer that she "had only pushed" Watson. Defendant also said that she threw a cell phone at Watson, but the phone did not hit him. The court found probable cause to detain defendant and appointed counsel to represent defendant.

One month later, defendant entered a guilty plea. The State's factual basis reported that defendant knowingly and without legal justification caused bodily harm to her boyfriend, Watson, by striking and scratching him on the chest. Before accepting the plea, the court admonished defendant that if she is "found guilty of this, [she] would be barred from possessing a firearm." Defendant responded that she was uninterested in possessing a firearm. The court interpreted defendant's pause before responding as an indicator of the need for additional time to discuss the case with defense counsel. However, when the court offered to continue the case, defendant asked to proceed in her plea. Defendant then asked the court if she could bring a witness at a later date to have the case dropped or charges dismissed. The court advised defendant to speak with defense

counsel. Defendant again indicated that she wanted to proceed with her guilty plea, and the court accepted the plea. The court sentenced defendant to two days of incarceration and two years of conditional discharge.

¶ 6 In September 2017, defendant filed a motion to vacate her guilty plea and sentence. The motion argued that defense counsel provided ineffective assistance when he incorrectly advised defendant of her probability of success at trial and did not advise her as to the defense of defense of property.

¶ 7 At the hearing on the motion, defendant testified that she met defense counsel for the first time on the day of the plea hearing. Defendant and counsel spoke for 5 to 10 minutes. Counsel presented the State's plea offer and indicated that defendant "had no chance of winning at trial." Defendant went into the plea hearing thinking that she would be able to call a witness after she entered the plea and have the case dismissed or charge dropped. Counsel said nothing to contradict defendant's belief. Regarding the underlying incident, defendant said that she and Watson were fighting because of "stress" when Watson began throwing defendant's property. Watson threw glasses, damaged a wall, broke a ceiling fan, clock, cell phone, and television. Defendant intervened to stop Watson from damaging any more of her property. Ultimately, the court denied defendant's motion, and defendant filed a notice of appeal.

¶ 8                                        II. ANALYSIS

¶ 9 Defendant argues the court erred in denying her motion to withdraw guilty plea because she received ineffective assistance of defense counsel. Specifically, defense counsel did not consult with defendant about the plausible trial defense of defense of property before she entered her plea agreement. We find that defendant established that her plea was not entered knowingly and voluntarily as counsel did not discuss with her the potential defense of defense of property.

3

¶ 10        A guilty plea " 'is valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." ' " *People v. Johnson*, 2018 IL App (3d) 150679, ¶ 24 (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A defendant does not have an automatic right to withdraw her guilty plea. *People v. Baez*, 241 Ill. 2d 44, 110 (2011).  To withdraw a plea, a defendant must show that the plea was "entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32.  Where a defendant is represented by counsel, the determination of the voluntariness of the plea turns, in part, on whether counsel provided effective assistance. *People v. Pugh*, 157 Ill. 2d 1, 14 (1993).  A defendant who claims that she received ineffective assistance of plea counsel must show: (1) that counsel failed to ensure that the plea was entered knowingly and voluntarily, and (2) there is a reasonable probability that, absent counsel's error, defendant would have pleaded not guilty and insisted on going to trial. *People v. Hall*, 217 Ill. 2d 324, 335 (2005).  To establish the prejudice component, defendant must make a claim of innocence or articulate a plausible defense. *Id.* at 335-36.

¶ 11        Defendant argues that defense counsel: (1) failed to ensure that her plea was entered voluntarily by advising her of the potential trial defense of defense of property, and (2) counsel's performance prejudiced the outcome of the proceeding because defendant had a reasonable probability of pleading not guilty and insisting on going to trial if she had known of this defense. Defendant further contends that her testimony at the postplea hearing established that a defense of property defense was likely to succeed at trial.

¶ 12        Generally, a defendant may use force against another "when and to the extent that [she] reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on

4

or other tortious or criminal interference with either real property (other than a dwelling) or personal property, lawfully in [her] possession." 720 ILCS 5/7-3(a) (West 2016). Defense of property is an affirmative defense, and defendant bears the burden to prove this defense at trial. *Id*. § 7-14; *People v. Everette*, 141 Ill. 2d 147, 157 (1990).

¶ 13 Defendant's testimony established that defense counsel did not advise her of a defense of property defense before she entered her guilty plea. Specifically, counsel met with defendant for a relatively brief period before the plea hearing, and according to defendant's unrebutted testimony, did not discuss potential trial defenses. Instead, counsel told defendant that she had no probability of success at trial. This preplea discussion overlooked defendant's motivations in using force to stop Watson from destroying her property. Furthermore, a defense of property defense had reasonable likelihood of success at trial as it justified defendant's actions in causing Watson's relatively minor injuries. Therefore, counsel provided ineffective assistance in failing to advise defendant of the defense of property defense prior to the entry of her guilty plea, and this error rendered defendant's plea involuntary and subject to withdrawal. Accordingly, we find the court erred in denying defendant's motion to withdraw her guilty plea.

¶ 14                                    III. CONCLUSION

¶ 15 The judgment of the circuit court of Bureau County is reversed and remanded.

¶ 16 Reversed and remanded.

5