2021 IL App (1st) 181400-U

SIXTH DIVISION
May 14, 2021

No. 1-18-1400

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | Nos. 13 CR 1113001, |
| v. | ) ) ) | 13 CR 1119501, 15 CR 2018001, 15 CR 2018101, & |
| VICTOR PEREZ, | ) ) | 15 CR 2018201 |
| Defendant-Appellant. | ) ) ) ) | Honorable Charles P. Burns, Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**O R D E R**

¶ 1   *Held*:   First-stage dismissal of defendant's postconviction petition alleging ineffective assistance of counsel during the plea process is affirmed. Defendant failed to state the gist of a constitutional claim.

¶ 2   Defendant Victor Perez was charged with multiple counts of possession of a stolen firearm, possession of a controlled substance with intent to deliver, and delivery of a controlled substance in five cases—two brought in 2013 and three brought in 2015. Mr. Perez pleaded guilty to the

charges at an omnibus proceeding in May 2016 and was sentenced to 13 years in prison.

¶ 3    A little over a year after sentencing, Mr. Perez filed a *pro se* postconviction petition alleging that his counsel was ineffective during the plea negotiation process. The circuit court dismissed the petition at the first stage. Mr. Perez now appeals, arguing that he sufficiently alleged claims that his trial counsel was ineffective for (1) failing to advise him that the State was required to prove each element of the crime, including that he knew the firearms he possessed were stolen, (2) failing to object when the State provided no factual basis for Mr. Perez's plea of guilty for the two counts of possession of a stolen firearm, (3) incorrectly advising him that he would be eligible for sentencing credits, and (4) failing to file a motion to quash his November 14, 2015, arrest and suppress the evidence seized as a result of that arrest. After reviewing each of these claims, we agree with the circuit court that Mr. Perez failed to raise an arguable constitutional claim and affirm the summary dismissal of his postconviction petition.

¶ 4                                    I. BACKGROUND

¶ 5    Mr. Perez was arrested on May 20, 2013. On June 13, 2013, he was indicted on three counts of armed violence, three counts of possession of a controlled substance with the intent to deliver, and one count of possession of a stolen firearm in case No. 13 CR 11130. He was also indicted that same day in case No. 13 CR 11195 on possession of a stolen firearm. Mr. Perez was released on bail pending trial but was arrested again while released on bail on November 14, 2015. Following this arrest, he was indicted on two additional counts of delivery of a controlled substance in case No. 15 CR 20180; two additional counts of delivery of a controlled substance in case No. 15 CR 20181; and two additional counts of possession of a controlled substance with the intent to deliver in case No. 15 CR 20182.

¶ 6    At a hearing on May 25, 2016, Mr. Perez pleaded guilty to the following counts: possession

of a controlled substance with intent to deliver and possession of a stolen firearm in case No. 13 CR 11130; possession of a stolen firearm in case No. 13 CR 11195; delivery of a controlled substance in case Nos. 15 CR 20180 and 15 CR 20181; and possession of a controlled substance with the intent to deliver in case No. 15 CR 20182. The State nol-prossed the remaining counts.

¶ 7      A lengthy exchange between Mr. Perez and the judge—which included the court's reading of the charging document—occurred prior to Mr. Perez entering his guilty plea. This included the following:

> "THE COURT: *** [O]n Case Number 13 CR 11130 *** Count 7 reads as follows: *** On or about the date of February 20, 2013, that you, being in possession of a firearm, you possessed a firearm knowing it to be stolen or converted. In Case Number 13 CR 11195, you're charged with a count of possession of a stolen firearm from May, 2013[,] in that you, not being entitled to possession of a firearm, you possessed a firearm knowing it to be stolen.
>
> * * *
>
> Do you understand the charges against you in all these cases, sir?
>
> [MR. PEREZ]: Yes, sir.
>
> THE COURT: How do you plead on these charges, guilty or not guilty?
>
> [MR. PEREZ]: Guilty."

¶ 8      The court admonished Mr. Perez that he was giving up his rights to plead not guilty, to a bench trial, to a jury trial, and to have the State prove the charges against him beyond a reasonable doubt. Mr. Perez said he understood. The court further admonished Mr. Perez regarding the sentencing range for the charges, which he again stated he understood. Mr. Perez also stated that he was not pleading guilty as the result of any force, threats, or promises, but of his own free will.

Finally, the court asked if Mr. Perez had discussed his plea with his counsel and was satisfied with his counsel's representation. Mr. Perez replied yes to both questions.

¶ 9      The State then provided a factual basis for the possession of a controlled substance with the intent to deliver and delivery of a controlled substance counts. The State did not present a factual basis for the possession of a stolen firearm counts during the hearing.

¶ 10     Mr. Perez waived his right to a presentence investigation. The court sentenced him to nine years in prison on both of the charges in case No. 13 CR 11130 and three years in prison in case No.13 CR 11195, with all three sentences to run concurrently. The court sentenced Mr. Perez to four years in prison on each count in the 2015 cases, to be served concurrently with each other but consecutively with the convictions in the 2013 cases. Altogether, Mr. Perez was sentenced to 13 years in prison.

¶ 11     Mr. Perez filed a *pro se* motion to reconsider his sentence on October 11, 2016, which is not included in the record on appeal. According to the circuit court order responding to that motion, Mr. Perez argued that his sentence was excessive, he received ineffective assistance of counsel, and he did not receive the benefit of his plea bargain. Because Mr. Perez invoked section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)), a civil remedy that is also available in criminal cases (*People v. Vincent*, 226 Ill. 2d 1, 8 (2007)), the court treated his motion as a petition under that section. The court denied the petition but, based on what appears to be the circuit court's recognition that a nine-year sentence was not within the sentencing range for possession of a stolen firearm, the court ordered a corrected *mittimus* reflecting a sentence of seven years—rather than nine—for the conviction in case No. 13 CR 11130. That sentence remained concurrent with the longer nine-year sentence on the possession of a controlled substance with intent to deliver.

¶ 12    Mr. Perez did not directly appeal his conviction. On September 27, 2017, he filed the *pro se* postconviction petition that is the subject of this appeal, alleging that his trial counsel provided ineffective assistance by (1) failing to file a motion to suppress evidence following an investigative alert, (2) failing to advise him that the State had to prove beyond a reasonable doubt that he knew the firearms he possessed were stolen, and (3) incorrectly advising him that he would qualify for early release. On November 2, 2017, the circuit court entered its written order summarily dismissing Mr. Perez's petition.

¶ 13    Mr. Perez now appeals.

¶ 14                                    II. JURISDICTION

¶ 15    The circuit court dismissed Mr. Perez's postconviction petition on November 2, 2017, and Mr. Perez's late notice of appeal was allowed on July 9, 2018. We have jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rules 606 and 651, governing criminal appeals and appeals from final judgments in postconviction proceedings (Ill. S. Ct. R. 606 (eff. Mar. 20, 2009); R. 651(a) (eff. Dec. 1, 1984)).

¶ 16                                    III. ANALYSIS

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) provides an avenue for an incarcerated person to assert that a conviction was the result of a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both. *People v. Tate*, 2012 IL 112214, ¶ 8. There are three stages to a noncapital postconviction proceeding. *Id.* ¶ 9.

¶ 18    Mr. Perez's petition is before us after dismissal at the first stage. "At the first stage, the circuit court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or is patently without merit."

(Internal quotations omitted.) *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A petition is frivolous or patently without merit if it contains no arguable basis in law or in fact. *Id.* at 11-12. Courts are required to consider the fact that most original petitions are drafted by petitioners with little legal knowledge. *People v. Torres*, 228 Ill. 2d 382, 394 (2008). Thus, at the first stage, a petitioner is not required to set out his claim in its entirety. Rather, he need only state the "gist" of a constitutional claim, which requires only a "limited amount of detail." *Id.* However, to survive even first-stage review, the petition must have an arguable basis in law and must not be barred by *res judicata* or waiver. *Hodges*, 234 Ill. 2d at 11-12. A meritless claim includes one that is contradicted by the record. *Id.* at 16; see also *People v. Williams*, 2015 IL App (1st) 131359, ¶ 31 (finding where "the record rebuts any potential claim of ineffective assistance of appellate counsel" that "the claim has no arguable basis in law").

¶ 19     If any claim in the petition survives first-stage scrutiny, the entire petition is docketed for second-stage review. *People v. Rivera*, 198 Ill. 2d 364, 371 (2001). We review the summary dismissal of a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 20     Mr. Perez argues on appeal that his postconviction petition raised an arguable claim of ineffective assistance of counsel by alleging that his counsel (1) failed to inform him that, if the case went to trial, the State would be required to prove beyond a reasonable doubt that he knew the firearms were stolen, (2) failed to object to the lack of a factual basis for the counts alleging possession of a stolen firearm, (3) incorrectly advised him that he would be eligible for sentencing credits, and (4) failed to file a motion to quash his November 14, 2015, arrest and suppress the evidence seized as a result of that arrest.

¶ 21     Defendants have the right to effective assistance of counsel during their criminal proceedings. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8; see also *Strickland v. Washington*,

466 U.S. 668, 686 (1984) (the right to counsel means the right to effective assistance of counsel). This right extends to all critical stages of the criminal proceedings (*Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)), including the plea process (*People v. Hale*, 2013 IL 113140, ¶ 15).

¶ 22 Counsel is ineffective when he or she performs deficiently and that deficient performance results in prejudice to the defendant. *Strickland*, 466 U.S. at 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526 (1984) (adopting the *Strickland* standard in Illinois); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (*Strickland* governs claims of ineffective assistance during plea negotiations). To prevail at the first stage of a postconviction petition proceeding, the defendant must present a legally cognizable claim that his counsel performed deficiently and that it is arguable that, as a result, the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17.

¶ 23 Counsel performs deficiently where his or her representation falls "below an objective standard of reasonableness," and a defendant is prejudiced when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "Because a defendant must satisfy both prongs of the *Strickland* test to prevail, the failure to establish either precludes a finding of ineffective assistance of counsel." *People v. Cherry*, 2016 IL 118728, ¶ 24.

¶ 24 In the specific context of a guilty plea, trial counsel performs deficiently where he or she fails to ensure the defendant's plea is entered voluntarily and intelligently (*People v. Hall*, 217 Ill. 2d 324, 335 (2005)), and a defendant is prejudiced by that deficient performance where "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (internal quotation marks omitted) (*People v. Brown*, 2017 IL 121681, ¶ 26). We address each of Mr. Perez's claims of ineffective assistance relative to his guilty plea in turn.

¶ 25    A. Failure to Inform that State Was Required to Prove that He Knew Guns Were Stolen

¶ 26    Mr. Perez argues that his counsel was ineffective for failing to explain that the State was required to prove that he knew the guns were stolen. Mr. Perez alleges that he did not know the guns he possessed were stolen and argues that, because his counsel failed to advise him on the knowledge element, he was unaware that he had a viable defense to the charges he pleaded guilty to. He further argues that he would have insisted on going to trial if he were advised that he had a defense to the charges of possession of a stolen firearm.

¶ 27    A "bare allegation" that a defendant would have insisted on going to trial but for counsel's deficient performance is not sufficient to establish prejudice. *People v. Rissley*, 206 Ill. 2d 403, 458 (2003). A defendant must allege either actual innocence or a plausible defense he could have raised at trial. *Id.* at 459-60. Here, there is a plausible defense, if in fact there was insufficient evidence, direct or circumstantial, that Mr. Perez knew the guns were stolen. See *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224 (2009) (stating "the State carries the burden of proving beyond a reasonable doubt each element of an offense"); 720 ILCS 5/24-3.8(a) (West 2016) (possession of a stolen firearm includes the element, "knowing [the firearm] to have been stolen or converted").

¶ 28    The State argues that any alleged deficiency in counsel's performance was cured when the circuit court informed Mr. Perez of the elements that the State would have had to prove beyond a reasonable doubt. The court's admonishments regarding the possession of a stolen firearm charges are outlined above and specifically advised Mr. Perez that the counts he was pleading guilty to included the element that he "possessed a firearm knowing it to be stolen." Mr. Perez contends, however, that the court's admonishment was not sufficient to cure his lawyer's alleged deficiency in this case.

¶ 29    The State relies on *People v. Valdez*, where our supreme court found the circuit court's

admonishment that there could be immigration consequences cured any resulting prejudice from counsel's failure to advise a defendant about immigration consequences. *Valdez*, 2016 IL 119860, ¶ 32. The court reasoned that "the circuit court conveyed the same information to him, and [the] defendant still chose to plead guilty." *Id.*

¶ 30    Mr. Perez relies instead on *Hall*, where the defendant alleged in a postconviction petition that his guilty plea to a charge of aggravated kidnapping was involuntary because his counsel incorrectly and repeatedly misadvised him that his lack of knowledge that he confined a child was not a defense. *Hall*, 217 Ill. 2d. at 327-29. In that case, our supreme court found the postconviction petition established a substantial showing of a constitutional claim where, in words that Mr. Perez argues are very similar to the words used here, the circuit court read to the defendant the charges against him, including that the aggravated kidnapping charge required "knowingly" confining a child. *Id.* at 341, 327. Our supreme court opined that the fact that the circuit court's admonition "ensured [the] defendant was aware of the language of the charge" did not mean the defendant had an "understanding of the knowledge element of the offense." *Id.* at 340.

¶ 31    A critical difference between *Valdez* and *Hall* is that, in the former, the attorney allegedly failed to advise the defendant (*Valdez*, 2016 IL 119860, ¶ 9) and, in the latter, the attorney allegedly repeatedly gave patently false advice (*Hall*, 217 Ill. 2d. at 329). The court held in *Valdez* that a failure to provide information, even where it clearly should have been provided by the attorney, is cured where the court's admonitions fill the void. *Valdez*, 2016 IL 119860, ¶ 32. The court in *Hall*, in contrast, focused on what the court repeatedly referred to as "erroneous" advice (*Hall*, 217 Ill. 2d at 330, 335, 337, 338, 339, 340, 341), and found the circuit court's reading of the charge that included the knowledge element insufficient to avoid prejudice (*id.* at 341).

¶ 32    Mr. Perez is correct that erroneous advice is not a prerequisite to ineffective assistance in

a guilty plea, and that the failure to advise alone may be ineffective assistance in a guilty plea. See, *e.g.*, *People v. Mendez*, 336 Ill. App. 3d 935, 939 (2003) (finding the defendant "alleged the gist of a constitutional claim that his plea was involuntary because his attorney was ineffective in failing to inform him of the defense of entrapment"). However, in *Mendez*, the court would not have admonished the defendant that entrapment was a defense. This court has found no case, and Mr. Perez has provided no precedent, in which a court's admonition was insufficient to negate prejudice from a lawyer's failure to advise his client on the specific point that was the subject of the admonishment. Indeed, when this court in *Valdez* vacated a guilty plea because it found the admonitions from the trial court differed from the information that the attorney should have provided on immigration consequences (*People v. Valdez*, 2015 IL App (3d) 120892, ¶ 30, *rev'd*, 2016 IL 119860), our supreme court reversed, emphasizing that the circuit court informed the defendant of the very information his attorney allegedly failed to (*Valdez*, 2016 IL 119860, ¶ 32).

¶ 33    Thus, our supreme court has made clear that, where, as in this case, the record reflects that court admonitions filled in the missing information, a defendant who pleaded guilty has no claim for ineffective assistance. Because the record in Mr. Perez's case demonstrates that the circuit court's admonition provided the information that Mr. Perez's lawyer allegedly failed to provide, Mr. Perez cannot proceed to the second stage on a claim for ineffective assistance on this basis.

¶ 34                                B. Factual Basis

¶ 35    Mr. Perez next argues that counsel was ineffective for "standing idly by while Mr. Perez purported to plead guilty to two counts of possession of a stolen firearm for which there was no factual basis in the record."

¶ 36    The State argues that Mr. Perez raised this issue for the first time on appeal and has

therefore forfeited it. Mr. Perez admits in his opening brief that he "did not raise this issue in his *pro se* post-conviction petition," but argues that we should nevertheless consider this issue based on the principles permitting lower pleading standards for *pro se* postconviction petitions. See, *e.g.*, *Hodges*, 234 Ill. 2d at 9 (stating the "threshold for survival [is] low" for *pro se* postconviction petitioners due to their limited legal knowledge and training). Despite this low threshold, it is clear that the failure to raise an issue in a *pro se* petition results in forfeiture. 725 ILCS 5/122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."); see also *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006) (finding the defendant forfeited an issue he failed to raise in either his *pro se* petition or his amended petition). And our supreme court has specifically admonished this court on our "inappropriate propensity" to overlook the forfeiture language of the Act. *Id.* (citing *People v. Jones*, 213 Ill. 2d 498, 505 (2004)).

¶ 37    Mr. Perez argues that, "to the extent this Court declines to consider this claim as an independent claim pursuant to *Pendleton*," we should still consider it in the context of his claim, discussed above, that his counsel was ineffective for failing to advise him of his defense against the charges of possession of a stolen firearm. According to Mr. Perez, his allegation that he had no knowledge the guns he possessed were stolen was unrebutted by the record, further demonstrated by the fact that there is no factual basis in the record to support his guilty plea.

¶ 38    We agree with Mr. Perez that these two claims have some connection, but not in a way that would allow Mr. Perez to proceed on this claim when it was not raised in his petition. The absence of anything in the record—other than Mr. Perez's admission in his guilty plea—that he had knowledge the guns were stolen was a necessary prerequisite for his ineffective assistance claim. If the record clearly demonstrated his knowledge through extrinsic evidence, such as a witness

who would testify that he told Mr. Perez this fact, this would have been another reason to deny his first claim. As noted above, to proceed on that claim, Mr. Perez would have to allege either actual innocence or a plausible defense he could have raised at trial that was not rebutted by the record. *Rissley*, 206 Ill. 2d at 459-60. However, his trial counsel's failure to insist, in open court, on a factual basis for the plea is quite different than counsel's alleged failure to advise him that he might have had a defense based on his alleged lack of knowledge that the guns were stolen. This claim is simply not a part of his petition and cannot be a basis upon which this court could reverse the dismissal.

¶ 39                                    C. Sentencing Credits

¶ 40    Mr. Perez next argues that he stated the gist of a claim of ineffective assistance of counsel where his counsel incorrectly advised him that he would be able to obtain "a plethora of assured benefits ranging from the awarding of good time to work release" and "Inmate Behavior Modification" or IBM sentencing credits, none of which were available to him because he had pleaded guilty to a Class X felony. Because we find no prejudice, we need only analyze that prong of *Strickland*. *Cherry*, 2016 IL 118728, ¶ 24.

¶ 41    As noted previously, a bare allegation that a defendant would not have pleaded guilty, but for counsel's deficient performance, is insufficient to establish prejudice. *Brown*, 2017 IL 121681, ¶ 26. Rather, "the defendant must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Id.* ¶ 48. Our supreme court explained specifically what this means in the context of a claim that a defendant was not fully advised or was incorrectly advised about his sentence in *Brown*. In that case, our supreme court found that the defendant could not demonstrate prejudice where his counsel misinformed him that he would serve only 50% of his 18-year sentence, rather than the actual 85%

he was required to serve. *Id.* ¶ 49. The court "examine[d] the circumstances surrounding [the defendant's] plea" and determined that (1) if he went to trial he would likely be convicted and could receive a much greater sentence and face more convictions (*id.* ¶¶ 49-50), (2) "nothing in [the] defendant's plea colloquy demonstrate[d] that his primary focus when pleading guilty was serving 50% of his sentence" (*id.* ¶ 51), and (3) the defendant denied he was promised anything during the plea negotiations (*id.*). The court concluded that "a decision to reject his plea bargain would not have been rational under the circumstances of his case." *Id.* ¶ 52.

¶ 42    Similarly, the record belies any claim that it would have been rational for Mr. Perez to reject the plea bargain based on sentencing credits. In the 2013 incident, officers found heroin and a gun in Mr. Perez's car and a second gun in his home while executing an arrest warrant. In the 2015 incident, the officers found heroin on his person and marijuana in his car and on his person. The State nol-prossed five Class X felony counts, including three counts of armed violence and two counts of possession of a controlled substance with intent to deliver, in case No. 13 CR 11130; one count, a Class X felony of delivery of a controlled substance within 1000 feet of a school, in both case Nos. 15 CR 20180 and 15 CR 20181; and one Class X count of possession of a controlled substance with intent to deliver in case No. 15 CR 20182. Mr. Perez faced sentencing ranges of 6 to 30 years on each of his Class X charges, 4 to 15 on his Class 1 charges, and 3 to 7 on his Class 2 charges. And, also, as in *Brown*, there was no indication in the record that Mr. Perez was motivated to take the plea based on any potential sentencing credits.

¶ 43    The cases that Mr. Perez relies on are distinguishable. In both *People v. Young*, 355 Ill. App. 3d 317, 321 (2005), and *People v. Boyd*, 2018 IL App (5th) 140556, ¶ 21, the record demonstrated the misinformation about the sentence was a key factor in the decision to plead guilty. In *Young* for example, "[t]he record ma[de] clear that, before pleading guilty to a Class 1

felony and accepting a 12-year sentence, [the] defendant repeatedly rejected offers to plead guilty to a Class X felony in exchange for a 10-year sentence." *Id.* at 322. The record was also clear that the defendant in *Young* only pleaded guilty because his counsel misinformed him that he could get much better sentencing credits on the longer sentence. *Id.* In *Boyd*, where the court considered the denial of a motion to withdraw a guilty plea rather than the dismissal of a postconviction petition, there was unrebutted evidence that the defendant's lawyer had specifically advised him he would be eligible for good time credit and that had he known he was statutorily ineligible, he would not have pleaded guilty. *Boyd*, 2018 IL App (5th) 140556, ¶ 21.

¶ 44                    D. Motion to Quash Arrest and Suppress the Evidence

¶ 45    Finally, Mr. Perez argues that he stated the gist of a claim that his counsel was ineffective in failing to move to quash his arrest and suppress the evidence. To state a claim for ineffective assistance of counsel based on the failure to file a motion to suppress, the defendant must demonstrate that the underlying motion is meritorious and that there is a reasonable probability the trial outcome would have been different had the evidence been suppressed. *People v. Gayden*, 2020 IL 123505, ¶ 28. Mr. Perez cannot show that here because it is clear the officers had probable cause—separate from any investigative alert—to arrest him because of the presence of suspected drugs in plain view next to Mr. Perez in his car.

¶ 46    Mr. Perez alleges in his petition that his arrest on November 14, 2015, was the result of an illegal investigative alert, and there was no probable cause to detain or arrest him. According to the arrest report, the arresting officers approached Mr. Perez's vehicle after he was "positively identified as the person that delivered suspect heroin" to an undercover officer on "two previous and separate occasions." Upon approaching Mr. Perez's car, the officers "observed a rolled brown cigarette suspect cannabis and a clear plastic bag containing a green leafy substance suspect

cannabis on the center co[nsole] (in plain view)." Mr. Perez was then arrested.

¶ 47    Here, Mr. Perez was placed in custody not based on the investigative alert but based on the suspected drugs the officers saw in plain view after they approached his car. "In general, when an officer observes illegal drugs in plain view, the officer has probable cause to seize the contraband and arrest the vehicle's occupants." *People v. Teper*, 2016 IL App (2d) 160063, ¶ 39. Therefore, the State would have been able to show that the officers had probable cause to arrest, and Mr. Perez cannot state the gist of a claim of ineffective assistance of counsel based on a failure to move to quash his arrest and suppress the evidence.

¶ 48                                IV. CONCLUSION

¶ 49    In short, none of Mr. Perez's ineffective assistance claims have legal merit. Each claim is either not a part of his petition or is belied by the record. Accordingly, for the foregoing reasons, we affirm the decision of the circuit court.

¶ 50    Affirmed.