NOTICE
Decision filed 04/04/18. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2018 IL App (5th) 140556

NO. 5-14-0556

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-CF-882 |
| | ) | |
| GABRIEL BOYD, | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Presiding Justice Barberis and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from an order of the circuit court of St. Clair County that denied defendant's motion to withdraw plea of guilty to the offense of armed robbery (720 ILCS 5/18-2(a)(1) (West 2012)). In his motion, defendant argued his plea was not knowing and voluntary because his plea counsel was ineffective. For the following reasons, we reverse the circuit court's order denying defendant's motion to withdraw plea of guilty, vacate defendant's conviction and sentence, and remand this cause with directions to allow defendant to plead anew.

¶ 2                                        BACKGROUND

¶ 3    Defendant, Gabriel Boyd, pled guilty to a single count of armed robbery, a Class X felony, on May 15, 2014, pursuant to a fully negotiated plea agreement in which defendant agreed to a sentence of 18 years in the Illinois Department of Corrections, with 3 years of

1

mandatory supervised release. See 720 ILCS 5/18-2(a)(1) (West 2012). In exchange for defendant's guilty plea, the St. Clair County State's Attorney's Office (State) dismissed three other counts against him. After admonishing defendant and finding a factual basis for the plea, the court concluded there were no improper promises or inducements that caused defendant to plead guilty and accepted the plea as voluntary.

¶ 4    Defendant filed a *pro se* motion to reconsider sentence on June 2, 2014, alleging that the sentence imposed was excessive and his plea counsel was ineffective. Because defendant's motion alleged ineffective assistance of counsel and defendant had already entered a guilty plea, the trial court construed defendant's motion as a motion to withdraw the guilty plea and appointed the public defender to represent defendant in all postplea proceedings. The appointed public defender filed a motion to withdraw plea of guilty on September 26, 2014, asserting (1) defendant's plea of guilty was not voluntary because defendant's plea counsel was ineffective, (2) defendant did not fully understand the potential sentence he faced, and (3) defendant did not understand the nature of the charges against him. The motion to withdraw plea of guilty further asserted defendant had a defense worthy of consideration.

¶ 5    A hearing on defendant's motion was held on October 1, 2014. At the hearing, defendant testified his plea counsel informed him that in exchange for a plea of guilty, defendant may be eligible to enter certain programs in prison which would allow him to receive credit for good time against his sentence. However, after he arrived at the Department of Corrections, defendant testified he discovered he was ineligible to receive any type of good time credit because his case involved a Class X felony. Defendant testified that if he had known he was ineligible to receive good time credit prior to pleading guilty, it would have "changed [his] mind on pleading guilty." On cross-examination, defendant testified the trial judge asked him a number of questions prior

2

to defendant pleading guilty, including whether defendant had been promised anything other than the plea negotiations and whether anyone threatened him. Defendant testified he had not been promised anything and was not threatened.

¶ 6    Plea counsel also testified at the hearing. He testified that he and defendant had a number of conversations about the nature of the charges brought against defendant and the State's plea offers. Plea counsel testified he did not promise defendant that he would be eligible for good time credit, meritorious service credit, or credit obtained through programs in the Department of Corrections. He also testified he spoke with defendant about the potential for programs in the Department of Corrections but denied ever telling defendant he would be guaranteed acceptance into those programs or that the programs would reduce defendant's time. He testified that he "absolutely" never made any promises or used threats or coercion to convince defendant to plead guilty and that defendant knew trial was always an option up until the day he pled guilty.

¶ 7    On cross-examination, plea counsel testified that when talking to defendant about the amount of time he would have to serve, he told defendant his sentence may be cut in half if he received day for day good time credit. He testified he also discussed that defendant may receive an initial six-month credit. He further testified that he talked to defendant in general regarding educational programs that may result in a reduction of time, but nothing specific as to the amount of time or whether there would actually be a reduction of time. In rebuttal, defendant testified, "It was kind of absolutely a promise that I would be able to get into some programs and I would be able to get some good time if I completed the programs."

¶ 8    The court entered an order on October 9, 2014, denying defendant's motion to withdraw plea of guilty. The court noted the crux of the motion related to defendant's claim that his counsel promised him the opportunity to earn additional good time credits against his sentence

after transfer to the Department of Corrections. However, based upon the testimony and a transcript of defendant's plea, the court found no improper promises relating to good time credit or any other matter were made to defendant that caused him to enter a guilty plea. The court concluded defendant's plea was voluntary.

¶ 9    This appeal followed.

¶ 10                                ANALYSIS

¶ 11    The single issue raised by defendant on appeal alleges his plea counsel was ineffective, which in turn rendered his guilty plea not truly knowing and voluntary. Specifically, defendant contends his plea counsel was ineffective because counsel informed defendant that in exchange for his guilty plea, defendant may receive good time credit and a reduction in his sentence if he participated in certain educational programs provided by the Illinois Department of Corrections. Defendant also asserts his plea counsel was ineffective because counsel informed defendant he may be eligible for day for day good time credit and an initial six-month credit. However, defendant was statutorily ineligible for such credit due to the offense to which he pled guilty.

¶ 12    At the onset, we note the parties disagree as to the standard of review. The State contends the decision to grant or deny a motion to withdraw a guilty plea ordinarily rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *People v. Walston*, 38 Ill. 2d 39, 42 (1967); *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). Conversely, defendant argues that because the issue raised on appeal does not rely on any contested issue of fact and concerns the purely legal issue of whether the trial court properly followed the applicable law in reaching its decision, our standard of review should be *de novo*. In support of this proposition, defendant cites *People v. Hale*, 2013 IL 113140, and *People v. Coleman*, 2015 IL App (4th) 131045.

4

¶ 13 After careful consideration, we agree with the State. A thorough review of several Illinois Supreme Court decisions lends support to our conclusion that the trial court's denial of defendant's motion to withdraw plea of guilty should be reviewed for an abuse of discretion. See *People v. Manning*, 227 Ill. 2d 403, 411-12 (2008) ("[T]he decision whether or not to allow a defendant to withdraw his guilty plea is a matter within the discretion of the trial court and will not be disturbed absent an abuse of that discretion."); *Delvillar*, 235 Ill. 2d at 519 ("The decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion."); *People v. Hughes*, 2012 IL 112817, ¶ 32 ("Generally, the decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion.").

¶ 14 Accordingly, we will review the trial court's denial of defendant's motion to withdraw plea of guilty for an abuse of discretion. An abuse of discretion occurs only where the court's ruling is so arbitrary or unreasonable that no reasonable person would take the view adopted by the trial court. *Delvillar*, 235 Ill. 2d at 519. Before turning to the merits of this appeal, we note that the two cases cited by defendant, *Hale* and *Coleman*, concern claims of ineffective assistance of counsel, but not in the context of a motion to withdraw a guilty plea. This appeal stems from the trial court's denial of defendant's motion to withdraw plea of guilty. Therefore, we limit our inquiry to whether the trial court abused its discretion in denying defendant's motion. However, regardless of what standard we apply, we find defendant's plea counsel was ineffective.

¶ 15 We now turn to defendant's contention that the trial court erred in denying his motion to withdraw plea of guilty because the plea was not knowing and voluntary as a result of his plea counsel's ineffectiveness. It is well settled that a defendant does not have an absolute right to

withdraw his or her guilty plea. *Manning*, 227 Ill. 2d at 411-12. However, a defendant should be allowed to withdraw the plea where it was not constitutionally entered. *Manning*, 227 Ill. 2d at 412. Where a plea of guilty was entered as a result of misrepresentations by counsel, the defendant should be allowed to withdraw his or her plea of guilty and plead not guilty. *Manning*, 227 Ill. 2d at 412. A defendant may challenge the constitutionality of his or her guilty plea by asserting (1) he or she did not receive the benefit of the bargain made with the State or (2) the plea of guilty was not made voluntarily or with full knowledge of the consequences. *Manning*, 227 Ill. 2d at 412.

¶ 16    Here, as previously stated, defendant claims his plea was not knowing and voluntary. Whether a defendant's plea was knowing and voluntary depends upon whether the defendant was provided effective assistance of counsel. *Manning*, 227 Ill. 2d at 412. Challenges to guilty pleas that allege ineffective assistance of counsel are subject to the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504, 525-28 (1984). In order to succeed on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's representation fell below an objective standard of reasonableness (deficiency prong) and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different (prejudice prong). *Strickland*, 466 U.S. at 687-88; *Albanese*, 104 Ill. 2d at 525; *People v. Mack*, 2016 IL App (5th) 130294, ¶ 26.

¶ 17    To establish deficiency under the first prong of the *Strickland* test, an individual must overcome the strong presumption that the challenged action or inaction was the product of sound trial strategy. *People v. Simms*, 192 Ill. 2d 348, 361 (2000). It is well settled there is a strong presumption that counsel's conduct falls within the wide range of professional assistance. *People*

6

*v. Crutchfield*, 2015 IL App (5th) 120371, ¶ 34. However, the decision regarding what plea to enter is a right that belongs to the defendant and is not a decision that counsel may make as a part of trial strategy. *Manning*, 227 Ill. 2d at 416.

¶ 18 As to the prejudice prong of the *Strickland* test, a reasonable probability is one that is sufficient to undermine confidence in the outcome, namely that counsel's deficient performance caused the result of the trial to be unreliable or fundamentally unfair. *Mack*, 2016 IL App (5th) 130294, ¶ 27. To establish prejudice for purposes of a claim of ineffective assistance of counsel, the defendant must show there is a " 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *People v. Rissley*, 206 Ill. 2d 403, 458 (2003) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A bare allegation that a defendant would have pled not guilty is insufficient to establish prejudice for purposes of an ineffective assistance of counsel claim. *People v. Brown*, 2017 IL 121681, ¶ 26. Rather, the defendant must convince the court that a decision to reject the plea would have been rational under the circumstances. *Brown*, 2017 IL 121681, ¶ 41.

¶ 19 Both prongs under *Strickland* must be satisfied in order to succeed on a claim of ineffective assistance, and the failure to satisfy either prong will be fatal to the claim. *Mack*, 2016 IL App (5th) 130294, ¶ 27. Therefore, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *People v. Ramos*, 339 Ill. App. 3d 891, 900 (2003).

¶ 20 Relevant to this appeal, Illinois courts distinguish the direct consequences of a guilty plea from the collateral consequences of the plea and have consistently held that good time credit is a collateral consequence of a guilty plea. *People v. Williams*, 188 Ill. 2d 365, 371 (1999); *People v. La Pointe*, 2015 IL App (2d) 130451, ¶ 46. It is well settled that plea counsel's failure to advise

of a collateral consequence does not provide a basis to invalidate the plea. *People v. Presley*, 2012 IL App (2d) 100617, ¶¶ 27-28. However, if plea counsel gives wrong or incorrect advice, even as to a collateral consequence of the plea, and the defendant relies on that advice in making the decision to plead guilty, the counsel's performance falls below an objective standard of reasonableness and amounts to ineffective assistance. *People v. Correa*, 108 Ill. 2d 541, 552 (1985).

¶ 21　Here, the record shows defendant pled guilty on the basis of inaccurate information provided by his plea counsel—namely, that he would be eligible for good time credit against his sentence upon being incarcerated. The testimony of plea counsel and defendant supports this finding. At the hearing, in response to a question regarding what he discussed with defendant about the amount of time defendant would serve, and what his understanding was regarding what defendant would have to serve, counsel testified:

> "Well, the main thing was that, yeah, the 18 years if he got the day for day good time would basically cut his time in half. He may get some initial credit, six-month credit. But other than that, you know, we talked about there may be additional programs available through Department of Corrections. Nothing specifically other than, you know—I think we talked in general that there may be educational programs that may result in reduction of time, but nothing specific as to *** amount of time that would be—or whether there would actually be a reduction."

¶ 22　Contrary to plea counsel's suggestion that defendant may be eligible to receive credit against his sentence upon his incarceration, a review of the version of section 3-6-3 of the Unified Code of Corrections (Code) in effect at the time defendant entered his plea shows defendant was ineligible to receive such credit. 730 ILCS 5/3-6-3 (West 2012). Regarding

8

counsel's assertion that defendant may be eligible to receive day for day credit, section 3-6-3(a)(2)(iii) of the Code provides that a prisoner serving a sentence for armed robbery "shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(iii) (West 2012). Thus, defendant was ineligible to receive day for day credit. Regarding counsel's assertion that defendant may receive an initial six-month credit, which would be awarded for good conduct, and additional credit through participation in educational programs, defendant was ineligible to receive such credit because he was convicted of armed robbery. 730 ILCS 5/3-6-3(a)(3), (4) (West 2012).

¶ 23    Based on the foregoing, we find defendant's plea of guilty was not truly knowing and voluntary. The record shows defendant pled guilty on the basis of inaccurate information provided by his plea counsel—namely, that he would be eligible for certain good time credit against his sentence upon his incarceration when, in fact, defendant was statutorily ineligible to receive such credit. Plea counsel's deficient performance satisfies the first prong under *Strickland*. Furthermore, at the hearing, defendant testified that if he had known he was ineligible to receive good time credit prior to pleading guilty, it would have "changed [his] mind on pleading guilty." Because there is a reasonable probability that, absent counsel's errors, defendant would have pled not guilty and proceeded to trial, defendant has shown he suffered prejudice. Considering defendant has satisfied both prongs under *Strickland*, we find the trial court abused its discretion in denying his motion to withdraw plea of guilty.

¶ 24    Turning to the State's argument, we initially note that the fact defendant has already been afforded an evidentiary hearing to present his case about whether his plea was knowing and voluntary does not lend support to the State's position that the trial court properly denied defendant's motion to withdraw plea of guilty. For the reasons discussed above, we find

defendant has shown his plea counsel was ineffective in accordance with the requirements under *Strickland*. Accordingly, the trial court abused its discretion in denying defendant's motion.

¶ 25   The State next argues that defendant has failed to show he was prejudiced by counsel's performance, as a bare allegation that defendant would have pled not guilty and would have insisted on a trial if counsel had not been deficient is not enough to establish prejudice. *People v. Hall*, 217 Ill. 2d 324, 335 (2005). The State argues that defendant's claim must include either a claim of innocence or the articulation of a plausible defense that could have been raised at trial and contends that defendant has failed to assert his innocence or a plausible defense. *Hall*, 217 Ill. 2d at 335-36. The State further cites our supreme court decision in *Correa*, which observed the fact that a defendant enters a plea of guilty because of some erroneous advice by his counsel does not itself destroy the voluntary nature of the plea. *Correa*, 108 Ill. 2d at 548-49.

¶ 26   After careful consideration, we find defendant has presented more than a bare allegation that he would have pled not guilty and proceeded to trial absent plea counsel's deficient performance. Here, defendant agreed to plead guilty in exchange for a sentence of 18 years with 3 years of mandatory supervised release, which is at the midpoint statutory range of 6 to 30 years for Class X offenders. 730 ILCS 5/5-4.5-25(a) (West 2012). Plea counsel testified that when reviewing the terms of the plea agreement with defendant prior to defendant entering his guilty plea, he discussed the possibility of good time credit through participation in educational programs, day for day good time credit, and an initial six-month credit. Thus, considering this advice, it was possible for defendant to believe he could reduce his sentence by 50% when, in fact, defendant was required to serve 85% of his sentence. 730 ILCS 5/3-6-3(a)(2)(iii) (West 2012). Plea counsel's testimony corroborates defendant's testimony that the possibility of a reduction in his sentence was a major factor in defendant's decision to enter his guilty plea.

¶ 27    We further note, as our supreme court has recently observed, that the requirement of a claim of innocence or a plausible defense does not apply to allegations of plea counsel's errors regarding defendant's understanding of the consequences of entering a guilty plea. *Brown*, 2017 IL 121681, ¶ 46. Rather, to succeed on a claim that he was prejudiced as a result of counsel's erroneous advice about the consequences of pleading guilty, defendant must convince the court that a decision to reject the plea would have been rational under the circumstances. *Brown*, 2017 IL 121681, ¶ 48.

¶ 28    In *Brown*, the defendant argued he was denied his right to effective assistance of counsel when he entered into a fully negotiated guilty plea agreement in reliance on his plea counsel's advice that he would only have to serve 50% of his 18-year sentence. *Brown*, 2017 IL 121681, ¶ 23. The defendant alleged he was prejudiced by his counsel's failure to correctly advise him that he was required to serve 85% of his sentence. *Brown*, 2017 IL 121681, ¶ 46. Our supreme court concluded the defendant's allegation, standing alone, was insufficient to establish prejudice.

¶ 29    Unlike the defendant in *Brown*, however, defendant in the instant case has presented more than a bare allegation that he would not have pled guilty and would have proceeded to trial absent plea counsel's deficient advice that he may be eligible to receive good time credit. Again, plea counsel's testimony corroborates defendant's position that he entered his guilty plea under the false impression that he would be eligible to obtain credit against his sentence. Accordingly, we find defendant has shown that a decision to reject the guilty plea would have been rational if he had known he was ineligible to receive credit against his sentence, especially considering the floor of his sentencing range was 12 years less than the 18-year sentence to which he agreed.

¶ 30    As it pertains to *Correa*, the State correctly observes the fact that a defendant enters a plea of guilty because of some erroneous advice by his counsel does not itself destroy the voluntary nature of the plea. *Correa*, 108 Ill. 2d at 548-49. However, the State ignores our supreme court's further observation:

> "If the defendant's pleas were made in reasonable reliance upon the advice or representation of his attorney, which advice or representation demonstrated incompetence, then it can be said that the defendant's pleas were not voluntary; that is, there was not a knowing and intelligent waiver of the fundamental rights which a plea of guilty entails." *Correa*, 108 Ill. 2d at 549.

¶ 31    Based on our findings of deficiency and prejudice, we cannot say defendant's plea of guilty was truly knowing and voluntary. Defendant entered his guilty plea under the ill-advised presumption he would be eligible to receive good time credit and a reduction in his sentence despite the fact that he was statutorily ineligible to receive good time credit. This satisfies the deficiency prong under *Strickland*. Moreover, if he had known he was ineligible to receive good time credit prior to pleading guilty, defendant testified it would have changed his mind regarding whether to plead guilty. This satisfies the prejudice prong under *Strickland*, as there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have proceeded to trial. We deem it important to stress that defendant has presented more than a bare allegation that he would have pled not guilty absent counsel's errors, as plea counsel's testimony corroborates defendant's testimony that the possibility of a reduction in his sentence was a major factor in defendant's decision to enter his guilty plea. We further note that even with enough evidence to support a conviction, a decision to reject the guilty plea and proceed to trial would have been rational under the circumstances considering defendant could

12

have received a much lesser sentence than that to which he agreed in his guilty plea. In light of the foregoing, we conclude the trial court abused its discretion in denying defendant's motion to withdraw plea of guilty.

¶ 32                                                    CONCLUSION

¶ 33    For the reasons stated herein, we reverse the judgment of the circuit court of St. Clair County denying defendant's motion to withdraw plea of guilty. We vacate defendant's plea of guilty and subsequent sentence and remand this cause with directions to allow defendant to plead anew.

¶ 34    Reversed in part, vacated in part, and remanded with directions.

2018 IL App (5th) 140556

NO. 5-14-0556

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>THE PEOPLE OF THE STATE OF ILLINOIS,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td>St. Clair County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 13-CF-882</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>GABRIEL BOYD,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>Robert B. Haida,</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed:**          April 4, 2018

**Justices:**      Honorable Richard P. Goldenhersh, J.

Honorable John B. Barberis, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys      Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
for            Defender, Richard J. Whitney, Assistant Appellate Defender, Office of
Appellant      the State Appellate Defender, Fifth Judicial District, 909 Water Tower
              Circle, Mt. Vernon, IL 62864

**Attorneys      Hon. Brendan F. Kelly, State's Attorney, St. Clair County Courthouse,
for            10 Public Square, Belleville, IL 62220; Patrick Delfino, Director,
Appellee       David J. Robinson, Acting Deputy Director, Kelly M. Stacey, Staff
              Attorney, Office of the State's Attorneys Appellate Prosecutor, 730
              East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL
              62864